## W. T. WILSON V. A. J. HAGINS ET AL.

No. 4275.   Decided June 4, 1927.
(295 S. W., 922).

#### 1.—Verdict—Pleading and Evidence—Reversal on Facts—Question of Law.

Where defendant's pleading and evidence supported special findings made by the jury in his favor on issues presenting a clear defense, they entitled him to the judgment recovered in his favor; and the appellate court erred in holding that, in view of natural laws as applied to the evidence plaintiff was entitled as matter of law to a peremptory instruction to find in his favor.   (Pp. 542-544).

#### 2.—Overflow—Injunction—Liability to Future Floods.

Where suit for damages by overflow caused by construction of an embankment and ditch by defendant sought also a mandatory injunction requiring their removal, the court, in submitting special issues to the jury, should require their finding, not only as to such structures having already caused overflow and damage, but as to liability to future overflow and damage therefrom.   (P. 544).

#### 3.—Harmless Error—Charge—Damages—Verdict.

An instruction on damages by overflow of plaintiff's premises, if erroneous, is rendered harmless and not ground for reversal where the verdict and judgment from which he appeals finds that no overflow or damage was caused.   But see charge on the subject held subject to objections here made to it.   (Pp. 544, 545).

#### 4.—Overflow—Injunction—Failure of Co-defendant to Make Defense.

Suit being for damages and for mandatory injunction requiring destruction of an embankment and ditch on premises of two defendants, one of them, who had constructed these on the premises of both by consent of the other and with agreement to keep him harmless against claims of injury by such construction, had a license or easement in the other's land entitling him to defend against an action for injunction to abate the embankment and ditch thereon.   He making successful defense thereto, plaintiff was not entitled to such injunction against such co-defendant who had not answered nor made defense.   (Pp. 545, 546).

#### 5.—Misconduct of Jury.

Evidence considered is held not to show misconduct of jury justifying a reversal for failure of the lower court to award a new trial therefor.   (P. 546).

#### 6.—Practice in Supreme Court—Reversal on Facts on Appeal.

Where the Court of Civil Appeals reverses a judgment on the facts, though treating its conclusion thereon as one of law which would justify a peremptory instruction, the Supreme Court, though differing with its conclusions, will respect its judgment as a finding of fact on which its jurisdiction is final.   Tweed v. Western Union Tel. Co., 107 Texas, 253, followed.   (P. 546).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Dickens County.

Hagins and another sued Wilson and Carlisle and appealed from a judgment for defendants. On reversal and remand, with a dissenting opinion (Hagins v. Wilson, 262 S. W., 770 and 782), appellees obtained writ of error.

*W. D. Wilson* and *Underwood, Jackson & Johnson,* for plaintiff in error.

The Court of Civil Appeals, in the majority opinion, erred in holding that the trial court should have peremptorily instructed the jury to answer Special Issues 1 and 2 submitted to them because the evidence offered to support the contention of plaintiff in error was unreasonable, incredible, and of no probative force. for the reason that those issues were properly raised in the pleading and the evidence offered was amply sufficient, credible, and reasonable to support the findings of the jury thereon. Carsey v. Hawkins, 163 S. W., 586; Cartwright v. Canode, 171 S. W., 696; Manning v. Beaumont, 181 S. W., 687; Dickson v. Kilgore State Bank, 257 S. W., 867; Baron v. H. E. & W. T. Ry. Co., 249 S. W., 825; Kirksey v. Traction Co., 217 S. W., 139; Rogers v. Lancaster, 248 S. W., 660; Mason v. Peterson, 250 S. W., 142; Jones v. Louisiana Western Ry. Co., 243 S. W., 976.

The court erred in holding, in the majority opinion, that the answers of the jury to Special Issues 1 and 2 were not sufficient to support the judgment of the trial court, because the findings of the jury on such issues were conclusive against defendants in error.

Under the contract between Carlisle and plaintiff in error the plaintiff had an easement in Carlisle's land under which he had authority to maintain such embankment for the protection of his own rights, and the ditch could not have been removed by Carlisle without the consent of Wilson. Harrison v. Boring, 44 Texas, 255; Risien v. Brown, 73 Texas, 135.

The court erred in holding that the trial court committed error in submitting Special Issues 3 and 4 without so framing said issues as to permit the jury to find whether plaintiff's land would be damaged in the future by the alleged diversion of the flood waters of Duck Creek, because the answers of the jury to Special Issues 1 and 2 rendered the submission of other issues immaterial and any error committed in their submission harmless.

The uncontroverted testimony showed that, regardless of the ditch and embankment, the lands of defendant in error would have been overflowed to some extent, and the evidence failed to disclose what amount of additional overflow, if any, and what

amount of damages, if any, was caused by the presence and condition of the ditch and embankment. Fort Worth & D. C. Ry. Co. v. Speer, 212 S. W., 762; Railway Co. v. Vogt, 181 S. W., 841.

The trial court properly refused to grant a new trial on account of misconduct of the jury, because this was made an issue of fact in the trial court and the evidence thereon submitted to and passed on by the trial court in favor of plaintiff in error. Rev. Stats., Art. 2020; Fort Worth v. Charbonnier, 166 S. W., 387; Kaker v. Parrish, 187 S. W., 517; Fox v. H. & T. C. Ry. Co., 186 S. W., 852; Turner v. Turner, 195 S. W., 326; Houston Elec. Co. v. Pearce, 192 S. W., 558; Jones v. Texas Elec. Co., 210 S. W., 749; Missouri, K. & T. Ry. Co. v. Andrews, 206 S. W., 823.

*B. G. Worswick* and *Stinson, Coombes & Brooks,* for defendant in error.

Plaintiff in error recognizes, by the second assignment of error at page 20 of the petition for writ of error, that the decision of the case in the Court of Civil Appeals turned on the sufficiency of the evidence to support the findings of the jury in answer to Issues Nos. 1 and 2. Art. 1590, Rev. Stats., 1911; Mutual Life Ins. Co. v. Hayward, 88 Texas, 315; Sabine Tram Co. v. Texarkana & Ft. S. Ry. Co., 143 S. W., 143; Swingle v. Keifer, 153 S. W., 1132; Electric Express & Baggage Co. v. Ablon, 218 S. W., 1030.

The Court of Civil Appeals was correct in concluding as a matter of fact from the physical facts that such ditch and dam necessarily doubled the volume of water which flowed over the unobstructed half and in concluding as a matter of fact that the testimony of the witnesses for defendants below to the effect that such waters were not diverted by said ditch and dam and the overflow across plaintiffs' lands not increased thereby and plaintiffs' lands not damaged was insufficient to support the answers of the jury in response to special issues submitting whether such ditch and dam diverted such waters and damages plaintiffs' lands.

The plaintiffs had the right to sue the defendant Walter Carlisle either jointly or severally with his co-defendant, W. T. Wilson, seeking injunction and damages by reason of the construction of the ditch and dam, and when the defendant Carlisle failed to answer in the case and testified to facts showing that such ditch and dam were in violation of Art. 5011t of our Revised

Statutes, the plaintiffs were entitled to their injunction and damages and the defendant, W. T. Wilson, had no right to throw himself into the breach and defeat the plaintiff's cause of action against his co-defendant, and the contract between Carlisle and Wilson gave the latter no easement over the former's land which would entitle Wilson to defend the suit against Carlisle. See statement and authorities set out in the majority opinion of the Honorable Court of Civil Appeals.

Under the provisions of Art. 5011t, Vernon's Sayles' Revised Statutes, it was made unlawful to divert the natural flow of the surface waters in this State, or to permit a diversion thereof to continue, or to impound such waters or permit the impounding to continue in such manner as to damage the property of another; and if the ditch and dam sought to be enjoined would have damaged plaintiff's lands in the future, they would be entitled to their injunction and the issues should have been so framed as to permit a finding whether future damages would have occurred. Art. 5011t Vernon's Sayles' Civ. Stats., 1918 Supp.

Special Charge No. 4 requested by defendants below and given by the court was upon the weight of the evidence and had the effect of impressing the jury with the idea the court thought the damages incapable of estimation.

The rule now is that where the jury receives evidence not presented during the trial, it requires a reversal if the appellate court feels doubtful that it even in part affected any jurors' finding. We respectfully refer to the statement made and authorities cited in the majority opinion by the Honorable Court of Civil Appeals.

MR. JUSTICE PIERSON delivered the opinion of the court.

Defendants in error, A. J. and B. J. Hagins, instituted this suit against W. T. Wilson, plaintiff in error, and Walter Carlisle, alleging that there is a stream traversing the several tracts of land owned by the parties to this suit. They alleged that plaintiff in error Wilson had erected an embankment and ditch on the lands owned by himself and by Carlisle, and that said embankment and ditch diverted flood waters flowing through Duck Creek and a slough coming out of said creek from their natural course and on to the lands of the defendants in error, to their damage. They prayed for damages, and for an injunction restraining plaintiff in error and Walter Carlisle from maintaining the embankment and ditch, and for a mandatory injunc-

tion commanding them to take down said embankment and to fill up said ditch.

Plaintiff in error W. T. Wilson denied that there is any slough coming out of Duck Creek, as alleged by defendants in error, or that there was any natural flow of water through such a slough, and denied that any flood waters had been diverted by said embankment or ditch onto the land of defendants in error Hagins, or that their land was damaged as a result of water diverted onto their land by him.

As stated in the dissenting opinion of Associate Justice Boyce, "the ditch and embankment were constructed in part over Carlisle's land and in part over Wilson's land. The work was done by Wilson with Carlisle's consent, under a contract by which Carlisle paid Wilson $150 in part payment of the cost of the work, and in consideration also of Wilson's agreement to hold Carlisle harmless from all damages that might be recovered against Carlisle on account of its construction and maintenance."

The theory of the defense, as pleaded and proven by plaintiff in error Wilson, as stated in the dissenting opinion of Associate Justice Boyce, "was to the effect that the channel of Duck Creek where it ran through Carlisle's land and in the big bend became clogged, causing the overflow of its banks above that point, resulting in the overflow of both Wilson's land and of defendant's land below this point; that the ditch and embankment put back into the channel of Duck Creek the water that would otherwise have remained in the channel but for the clogged condition of the channel referred to; that the channel of Duck Creek was sufficient to carry off the water after it had been turned back into its regular channel, and that the overflow on plaintiff's land was of water that overflowed the east bank of Duck Creek a considerable distance above and north of the point where Wilson's ditch ran into the channel, and that the ditch had nothing to do with the overflow of plaintiffs' land."

Upon special issues submitted to it, the jury found as follows as set out in the majority opinion of the Court of Civil Appeals by Associate Justice Hall:

"(1)   The defendants did not divert the flood waters of Duck Creek and cause them to flow onto and over the lands of the plaintiff A. J. Hagins.

"(2)   Defendants did not divert the waters of Duck Creek, causing them to flow onto and over the lands of plaintiff B. J. Hagins.

"The third and fourth issues, as follows, were answered in the negative:

"(3)   If you find that the defendants did divert the flood waters of Duck Creek and thereby caused them to flow onto and over the lands of plaintiff A. J. Hagins, was plaintiff A. J. Hagins' land damaged thereby?

"(4)   If you find that the defendants did divert the flood waters of Duck Creek, thereby causing them to flow onto and over the land of plaintiff B. J. Hagins, was plaintiff B. J. Hagins' land damaged thereby?

"By Issues Nos. 5 and 6 the jury were requested to find to what extent the lands of A. J. and B. J. Hagins were damaged, to both of which issues the jury answered, 'None'."

In accordance with the findings of the jury, the Honorable District Court entered judgment that W. T. Wilson and Walter Carlisle did not by means of the embankment, levees, and ditch divert, or cause to be diverted, the flood waters of any slough or of Duck Creek onto the lands of A. J. and B. J. Hagins, or either of them, and that their lands were not damaged by the acts of Wilson and Carlisle, and that they were not entitled to the injunction prayed for, and entered judgment accordingly in favor of Wilson and Carlisle.

In a very voluminous opinion the majority of the Honorable Court of Civil Appeals reversed and remanded the case for a new trial.   A dissenting opinion was filed by Associate Justice Boyce, in which he held that the judgment of the District Court should be affirmed on the answers of the jury to the first and second issues.

The holding of Judge Boyce that the answers of the jury to Questions Nos. 1 and 2, that plaintiff in error Wilson and Walter Carlisle did not divert flood waters, or cause them to flow onto the lands of defendants in error, was conclusive of the case, is clearly correct.

The Honorable Court of Civil Appeals in the majority opinion held that the facts conclusively showed that the building of the embankment and ditch necessarily must have diverted, and did divert, water and throw it upon the land of defendants in error. The holding is that the facts are conclusively in favor of defendants in error, and that under the application of "natural laws" and "physical facts" there was no evidence upon which the jury could answer Questions Nos. 1 and 2 in favor of plaintiff in error Wilson.   One cannot read the elaborate majority opinion without being convinced that such is the view of the majority of the Honorable Court of Civil Appeals in this case, and is in

accord with the insistence of the defendants in error Hagins that a peremptory instruction in their favor should have been given by the trial court. This, we think, as a matter of law was erroneous. Both the pleadings and the evidence amply raised and supported the issues presented in said Special Issues Nos. 1 and 2 to the jury. Plaintiff in error's defense was a valid and effective one, going to the very heart of the case, and it was both pleaded and proven, and the jury found the facts to be, that the embankment and ditch erected by plaintiff in error Wilson diverted no water onto the land of defendants in error, and that no water went onto the land of defendants in error other than that which would have gone there anyway and regardless of said embankment and ditch; and, further, that defendants in error suffered no damage from any water that was diverted onto their land by plaintiff in error. Reference is made to the majority opinion of the Honorable Court of Civil Appeals, 262 S. W., 770, and also to the dissenting opinion of Associate Justice Boyce, 262 S. W., 782.

The majority of the court held that it was error for the trial court in framing special issues in this case to confine them to a finding whether the lands had been injured, and in not so framing the issues to permit the jury to find whether the lands would be injured and damaged in the future by such diversion of water. Inasmuch as this was in part a suit for an injunction, on another trial if the jury should find that the embankment and ditch did divert flood waters onto the lands of defendants in error to their injury, they should be directed to find also whether or not like damage would occur in the future from waters so diverted.

Another ground upon which the Honorable Court of Civil Appeals reversed the cause was the giving by the trial court of Special Charge No. 4 offered by plaintiff in error Wilson. Same is sufficiently set out in the objections of defendants in error Hagins in the District Court, as follows:

"Plaintiffs except to said special charge, wherein the jury are instructed, in effect, that if the ditch and embankment caused additional waters to overflow the lands of plaintiff, and that the lands would have been inundated and damaged anyway, and the jury were unable to determine what portion of the damage, if any, was proximately caused by the presence of the condition of the ditch, embankment and levee, they should not undertake to estimate any damage, in answer to Issues Nos. 5 and 6, upon surmise or speculation, and for such exception say that said

special charge is not the law of the case, and is on the weight of the evidence.

"Plaintiffs further excepting to said special charge, say that the same is erroneous, in that it instructs the jury not to estimate damages, based upon surmise and speculation, as this would have a tendency to prejudice the rights of the plaintiffs before the jury with respect to said Issues 5 and 6," * * * and "does not limit the consideration of said instructions to Issues 5 and 6, and might be considered by the jury, in answering Issues 3 and 4 embodied in the court's general charge."

Even if said Special Charge No. 4 was erroneous, it was rendered harmless by the finding of the jury that there was no water diverted onto the premises of defendants in error by the embankment and ditch erected by plaintiff in error Wilson, and was no ground for reversal of the judgment in favor of plaintiff in error. However, said special charge was subject to the objections made, and was erroneous, and should not have been given. In its stead, on another trial of the case the trial court should so frame his instructions as to limit the recovery to the damages caused by such water only as was diverted onto the land of defendants in error by the embankment and ditch constructed by plaintiff in error Wilson, if the jury should find that any water was diverted by said embankment and ditch onto the lands of defendants in error.

The Honorable Court of Civil Appeals in the majority opinion held that Walter Carlisle having filed no answer in the case, a mandatory injunction should have been issued against him for the destruction of that part of the embankment on his land, regardless of the defense of plaintiff in error Wilson and of the findings of the jury in his favor. We agree fully with the holding of the dissenting opinion in that respect, wherein Judge Boyce says:

"The ditch and embankment were constructed in part over Carlisle's land and in part over Wilson's land. The work was done by Wilson with Carlisle's consent, under a contract by which Carlisle paid Wilson $150 in part payment of the cost of the work and in consideration also of Wilson's agreement to hold Carlisle harmless from all damages that might be recovered against Carlisle on account of its construction and maintenance. The ditch and embankment could not be separated into parts and serve the purpose for which it was constructed; the destruction of that part on Carlisle's land would render that part on Wilson's land useless. Under the circumstances under which it was constructed, Wilson, in my opinion, had a license

or easement as against Carlisle's land in the matter of its maintenance. Harrison v. Boring, 44 Texas, 255, 267; Risien v. Brown, 10 S. W., 661. Carlisle could not himself without Wilson's consent have lawfully destroyed that part of the ditch and embankment that was on his own land nor could he voluntarily have conferred that right on anyone else. Wilson, in my opinion, had such an interest in that part of the ditch that was on Carlisle's land that he had a right to resist its destruction by Carlisle or any third person and so to defend this suit. Carlisle's failure to answer cannot in reason deprive Wilson of this right."

Also, the Honorable Court of Civil Appeals in the majority opinion reversed the case upon the ground of alleged misconduct of the jury. After having carefully read the record on the matter, we think the dissenting opinion of Associate Justice Boyce is correct in that matter also, and that there was no error in the trial court's refusing a rehearing on account thereof. In testifying before the court juror Aston clearly contradicted the statements in his affidavit, and the testimony of him and the other jurors showed clearly that the juror Gragson had said nothing which had material bearing upon the facts to be found by the jury, and certainly nothing that was harmful to defendants in error. However, as the case is to be remanded for a new trial, this issue becomes immaterial.

Taking the case as a whole, we think the dissenting opinion of Associate Justice Boyce was in all things correct. However, the Court of Civil Appeals having reversed the judgment of the District Court and remanded the cause for a new trial on the facts of the case, we must respect its jurisdiction to do so, even though its holdings on the legal or probative value of the facts were clearly erroneous. See Tweed v. Western Union Telegraph Co., 107 Texas, 253, and cases therein cited and discussed, for a clear enunciation of the law on the jurisdiction of this court and of the Court of Civil Appeals over issues of fact.

Therefore, the cause is remanded to the District Court for new trial under the rules of law not inconsistent with this opinion.