## STEPHENS v. ANSON MOTOR CO.
### (No. 618.)

Court of Civil Appeals of Texas.
Eastland. Nov. 8, 1929.

Smith & Smith, of Anson, for appellant.
Lee R. York, of Abilene, for appellee.

LESLIE, J. The Anson Motor Company, a partnership, filed this suit against J. A. Stephens to recover the unpaid balance on a note for $394.95, and to foreclose a chattel mortgage securing the same. The defendant answered by plea of non est factum, and specially alleged a material alteration of the note after its execution.

The plaintiff, by supplemental petition, replied, denying the materiality of any alteration in the note, and in the alternative alleged that, if such alteration had been made, the same was done innocently and without any intention to defraud the maker, and sought a recovery in any event of the balance of the original debt.

Trial was before the court and jury, and upon special issues judgment was rendered in favor of the plaintiff for the unpaid balance of the original debt, and a foreclosure of the mortgage securing the note was denied. The defendant has appealed and seeks to defeat any recovery whatever, either on the note or balance of the original indebtedness.

■ Complaining of the matters set up in the supplemental petition, appellant's fourth proposition is to the effect that a defect in the original petition or omission therein cannot be supplied by a supplemental petition. As an abstract proposition of law, this is correct. Crescent Ins. Co. v. Camp, 64 Tex. 521; Fink v. San Augustine Gro. Co. (Tex. Civ. App.) 167 S. W. 35; Burger v. Ray (Tex. Civ. App.) 239 S. W. 257; Townes Pleadings (2d Ed.) p. 447 et seq. However, there is nothing in this record presenting the question that the court failed to observe the rule. No question as to the functions and legitimate contents of a supplemental petition was suggested in the defendant's objection to the filing of that instrument; the sole objection thereto made being that, "after plaintiff and defendant had each announced ready for trial the court permitted the plaintiff, over the objections of the defendant, to file its supplemental petition," etc.

■■ The objection was general, and could have been made to the filing of any supplemental petition filed after announcement for trial, however proper the filing of such pleading might have been. It was in the discretion of the trial court to permit the pleading to be filed, and no abuse of that discretion is shown by the specific objection made, and we are not permitted to consider questions or objections not raised at the trial. The defendant did not claim that the filing of the supplemental petition took him by surprise and therefore prejudiced his rights, nor did he claim the right of a continuance on that ground, as he might have done under rule 16 for district and county courts. 142 S. W. xviii.

■ The alleged material alteration is based on a change made in the amount for which defendant Stephens executed his note to the motor company. The note was written for $494.95, whereas it was intended by all parties to be for $394.95, according to the facts. After delivery of the note, while in possession of the holder thereof and without the knowledge or consent of Stephens, lines were

drawn through the "$494.95," and "$394.95" written just above. This is the alteration claimed to be material, and which appellant contends should defeat recovery, either on the note or the indebtedness for which it was given.

The alteration was material. Sections 124, 125, Negotiable Instruments Act (Vernon's Annotated Civil Statutes 1925, art. 5939), provide that an unauthorized alteration of "the sum payable" is a material alteration. The alteration alleged was without the assent of the defendant, Stephens, and it avoids the note. To that extent the appellant's contentions are sustained, but it does not follow that the plaintiff, payee in the note, may not recover under the facts of this case the unpaid balance of the debt for which it was intended to execute the note.

■ The note was executed for $494.95, a sum mistakenly but evidently believed by all the parties to represent the balance of the purchase price of the truck and accessories which the motor company sold Stephens. The note should have been for $394.95, and was subsequently made so to read in the manner detailed above. The payee of the note had no right to make such change, and must suffer the consequence of having the note rendered invalid, but, since the change was innocently made, and without any actual intention of perpetrating a fraud on Stephens, the maker, the payee will not be deprived of the right to recover that which is due it upon the balance owed by Stephens for the truck and equipment. The judgment being for such amount and permitting no foreclosure of the lien on the truck, it should be affirmed.

Further, there was no evidence that the note was given in satisfaction or extinguishment of the balance of the debt owed by Stephens to the motor company, and in such cases, while an alteration of the instrument without any fraudulent intention, as a general rule, avoids the instrument only, yet the promisee may still recover upon the original indebtedness. Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; 2 C. J. p. 118, § 15.

The Texas authority cited has been followed in this state by an unbroken line of decisions, and others will not be cited.

The judgment of the trial court is affirmed.