**WILSON v. HAGINS et al.**
No. 3315.

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1930.

Rehearing Denied March 12, 1930.

W. D. Wilson, of Spur, and Cooper & Lumpkin, of Amarillo, for appellant.

Coombes & Andrews, of Stamford, J. P. Stinson, of Abilene, B. G. Worswick, of Dickens, and G. E. Hamilton, of Matador, for appellees.

HALL, C. J.

This suit was originally instituted by A. J. and B. J. Hagins against W. T. Wilson, to recover damages alleged to have resulted to the plaintiffs' lands from the erection of an embankment by defendant, which caused the flood waters of Duck creek to be diverted from defendant's land and to flow across the lands of plaintiffs.

Upon a former appeal from a judgment against Hagins, this court reversed and remanded the judgment of the trial court (262 S. W. 770), and upon a writ of error to the Supreme Court, the judgment of this court was reversed and the cause remanded to the trial court (116 Tex. 538, 295 S. W. 922).

Since the former trial, the pleadings have been amended, making more specific the alle-

gation of certain facts, but the cause of action for damages and for an injunction remains the same as upon the first trial. The case was tried this time upon plaintiffs' second amended original petition and their "first supplemental petition." In the last-named pleading, plaintiffs alleged that the defendant unlawfully erected, built, and constructed a dam and obstruction at and near the northeast end of the ditch cut by him and described in plaintiffs' petition, and did, as alleged in said petition, at or about the ditch build embankments upon the southwest side of said ditch and upon the west side of Duck creek at and near the common corner of the four surveys of land described in the plaintiffs' petition, which said embankment and dam was higher than the surrounding land and higher than the land of plaintiffs, and which caused the flood waters of Duck creek to be diverted and changed from their natural course and caused them to flow upon and over the plaintiffs' land in much greater quantity and in concentrated volume, which act on the part of the defendant caused said water to flow upon plaintiffs' land in greatly increased volume and caused the same to run more swiftly and wash great holes in the land of plaintiffs and created sand bars and washed the soil and crops therefrom, thereby producing the injuries complained of in plaintiffs' second amended petition, in violation of the statutes of this state and of plaintiffs' rights under the common law as they existed at the time and do now exist in this state. This is a trial amendment rather than a supplemental petition.

It appears from the record that the appellant, Wilson, owned a farm on the west side of the natural channel of Duck creek and that plaintiffs' farms were situated upon the east side, all of said lands being in the creek bottom. It further appears that Duck creek had a considerable watershed, but was not a perennial stream. That during the rainy season and after freshets, the overflow at times covered the entire creek bottom, which was about seven hundred yards wide from hill to hill at the place where the farms of the parties were situated. It further appears that during the overflows caused by unusual rains, a great deal of the flood water left the creek bed on the west side of the natural channel and ran across the defendant Wilson's land. That in order to protect his crops and farms from such overflow, he dug a ditch from the foot of the hill on the west side of the creek, diagonally across the bottom in a southeasterly direction to the natural channel of the creek and opposite the appellees' farm. It appears from maps in evidence that the dry bed of the creek or natural channel ran close to the foot of the hill on the west side of the creek bottom for several miles north of Wilson's land, and that where the creek bed enters Carlisle's land (which lies immediately north of Wilson's farm), it begins to turn to the southeast

and towards Hagins' farm. That where the creek begins to turn, there is a depression, the general course of which is south and near the foot of the hill and across Wilson's land and west of the bed of the creek. The testimony shows at one point in this depression or draw there was formerly a lake and that during freshets when the bed of the creek would overflow, the flood waters would leave the creek bed about the center of Carlisle's land and flow south across Wilson's land, finding its way back into the creek bed below the lands of the parties to the suit. The ditch and embankment of which complaint is made had the effect of preventing the overflow and protected Wilson's land therefrom, diverting the flood waters onto the appellees' farm. The evidence further shows that the surface of Wilson's land on the west side of the creek was several inches lower than the surface of Hagins' land.

The case was submitted to the jury upon three issues as follows:

(1) "Did the defendant divert the natural flow of the waters of Duck Creek in such a manner as to damage the land of plaintiff, A. J. Hagins, by the overflow of said water so diverted, if any?" The jury answered "Yes."

(2) "If you answered issue No. One in the affirmative, then state in what sum, in dollars and cents, the land of plaintiff A. J. Hagins was so damaged." Answer: "$250.00."

(3) "If you find that the defendant did divert the natural flow of the waters of Duck Creek in such manner as to damage the land of plaintiff A. J. Hagins, then state whether or not damage will occur in the future to the land of A. J. Hagins from waters so diverted." Answer: "We do."

Based upon the verdict, the court rendered judgment for Hagins for the amount assessed by the jury, and the decree perpetually enjoins Wilson from maintaining the ditch and embankment.

The first proposition is that the trial court erred in overruling defendant's general demurrer to plaintiffs' second amended original petition, because it stated no cause of action either for damages or an injunction.

■ Throughout the brief, appellant ignores the supplemental petition filed by Hagins, the substance of which is set out above, and which, when construed with the original petition, sufficiently states a cause of action and presents, in effect, the same case as did the original pleadings. Much of appellant's brief is based upon the insufficiency of the pleadings, and all propositions relating thereto are overruled.

It is insisted by the second proposition that where a stream changes or threatens to change its course and make a new channel across lands of a riparian owner, he has the right to construct and maintain ditches, levees, and embankments upon his own land

to prevent such threatened change in the course and restore the water to the original channel of the stream on his own land, and that a lower riparian owner has no cause of action against him therefor.

█ It does not appear that Duck creek was threatening to change its course and to cut a new channel across Wilson's lands. No such issue was submitted to the jury, and if the evidence raises such an issue, it has been abandoned by the appellant's failure to have it submitted. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

█ The court did not err in not directing a verdict for either party, but properly submitted the issues for the determination of the jury.

It is next insisted that the court erred in submitting special issue No. 1, because it embraces two distinct issues of fact susceptible to different answers, in that the jury is asked (1) whether the defendant diverted the natural flow, and (2) whether damage resulted to plaintiff by the overflow.

█ We do not so understand the issue. The inquiry is whether the defendant diverted the natural flow in such manner as to damage the land of plaintiff by the overflow of the waters so diverted, if any. There was no issue as to whether the ditch and embankment diverted the water during overflows. The appellant alleged that drifts lodging in the channel of the creek had almost completely obstructed it and had caused the water to flow over the south bank and thence over defendant's land, "and because thereof, said creek threatened to change its course at said point and make a new channel over defendant's lands, destroying the same. That in order to prevent such threatened change in and the making of a new channel over his lands, defendant * * * constructed a ditch and embankment and channel on his own land from the point where said water came on to his land in a southeasterly direction to a connection with the original channel of said creek, on his own land * * * to convey the waters leaving the channel of said creek by reason of said obstructions from where they came on his land back into the original channel of said creek on his own land." The effect of this allegation is that the purpose of the ditch and embankment was to divert the flow of flood waters which would have run south over his land, back into the channel of the creek opposite the appellee's land. He practically admits a diversion of the flood waters, so the only question for the jury was whether the effect of the diversion was to damage plaintiff's land.

It is further insisted that it is error for the court to submit an issue upon which to base injunctive relief under the facts in this case, where the undisputed evidence shows that such stream had left its channel at a point

above such owner's land and flowed onto his land, and he, by ditches and embankments, conveyed a part of such water back into the channel of the stream on his own land, because such acts do not constitute a diversion of the waters of the stream.

█ This contention is foreign to the issues. Duck creek is dry during a greater part of the year. The effect of the ditch and embankment was not to divert the waters of the stream, because the channel was dry except during the rainy season or freshets. Plaintiff's cause of action is based upon the fact that the effect of the ditch and embankment was to divert the flood waters and throw them in increased volume upon his land. There is no finding of the jury that the stream had left its channel at a point above Wilson's land, and the evidence shows that only flood waters flowed across Wilson's land prior to the construction of the embankment. Because there is no finding that the natural flow of the stream had been turned from its channel above Wilson's land, and because plaintiff's cause of action is based upon the wrongful diversion of flood waters, the seventh proposition is irrelevant and is overruled.

Under the tenth proposition, it is insisted that the court erred in refusing to submit to the jury "as to whether Wilson had caused more water to flow into the channel of the stream by the ditch and embankment than flowed on to his land from the channel of the stream above his land."

█ No complaint is made by appellee because Wilson caused more water to flow in the channel of the stream, but the damages resulted, as alleged, because of the diversion of flood waters when the channel of the stream would be overflowed.

By the eleventh proposition, appellant insists that the court erred in refusing to render judgment in his favor, notwithstanding the verdict of the jury.

█ Under the statute and practice in this state, courts are not authorized to substitute their findings for those of the jury and to render judgments contrary to the verdict. Courts must either render judgment in accordance with the findings of the jury or set the verdict aside and grant a new trial. R. S. arts. 2202, 2209; Vogel v. Allen (Tex. Com. App.) 13 S.W.(2d) 340; Branch v. Wafford (Tex. Civ. App.) 254 S. W. 389; Deal v. Craven (Tex. Com. App.) 277 S. W. 1046; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Heimer v. Yates (Tex. Com. App.) 210 S .W. 680.

█ We think the rule is settled in this state that one riparian owner cannot exercise his right of building a levee on his own land for the purpose of controlling overflows, if in so doing the effect of the construction of the levee at the particular place will be to cause flood waters in times of overflow to flow over

the land of opposite owners and injure them. Ft. Worth Improvement District No. One v. City of Ft. Worth, 106 Tex. 155, 158 S. W. 167, 48 L. R. A. (N. S.) 994; Jackson v. Knight (Tex. Civ. App.) 268 S. W. 773; Wilkerson v. Garrett (Tex. Civ. App.) 229 S. W. 666; Rattan v. Woods (Tex. Civ. App.) 267 S. W. 312; Armendaiz v. Stillman, 67 Tex. 458, 3 S. W. 678; Johnson v. McMahon (Tex. Com. App.) 15 S.W.(2d) 1023; Higgins v. Spear (Tex. Civ. App.) 283 S. W. 584; Jefferson County Drainage District No. 6 v. McFaddin (Tex. Civ. App.) 291 S. W. 322.

·For the reasons stated, the judgment is affirmed.

JACKSON, J., not sitting.