## CITIZENS' MUT. LIFE & ACCIDENT ASS'N OF TEXAS v. RAGLE.

### No. 4377.

Court of Civil Appeals of Texas. Amarillo.
March 25, 1935.

Rehearing Denied April 15, 1935.

———◆———

G. R. Lipscomb, of Fort Worth, for plaintiff in error.

Ayres & Ayres and W. E. Grimes, all of Floydada, for defendant in error.

MARTIN, Justice.

The parties to this appeal will be designated as in the trial court.

Plaintiff sued defendant upon an insurance policy issued upon the life of her deceased husband. Her original petition described the policy as payable to her as beneficiary, and contained all necessary averments to properly state a cause of action in her favor against defendant upon such a policy. In reply thereto, defendant answered said petition by what it denominates a "plea in abatement." In substance, such plea avers that defendant, at the special request of plaintiff's husband, and prior to his death, changed the beneficiary to "his estate"; that plaintiff could not therefore prosecute a suit individually on said

policy; that only the administrator of said estate could do so, and that plaintiff's claim was against the estate. By a plea in reply thereto, denominated "Plaintiff's First Supplemental Petition," it is averred:

"Plaintiff would further show to the Court that if a new policy or certificate was ever validly issued by Defendant herein to D. M. Ragle, payable to the Estate of said D. M. Ragle, to take the place of the policy or certificate herein sued upon, which is not admitted but is expressly denied, then, that said D. M. Ragle was domiciled in Floyd County, Texas, at the time of his decease; that Plaintiff herein, the surviving wife of said D. M. Ragle, is the sole surviving heir at law of the said D. M. Ragle, Deceased; that there has never been a lawful and valid administration upon the Estate of D. M. Ragle, Deceased; that there is not now, and has never been a necessity for such an administration; that Plaintiff, as the sole surviving heir at law of said D. M. Ragle, Deceased, is entitled to the proceeds of any policy or certificate of insurance payable to the Estate of D. M. Ragle, and authorized to maintain suit for the collection of same.

"Wherefore, Plaintiff prays that upon hearing of said Plea in Abatement and to the Jurisdiction, that same be in all things overruled, and that Plaintiff have Judgment as prayed for in her Original Petition on file herein."

Plaintiff offered proof of all the allegations of fact contained in said last plea. Trial was to the court, who rendered judgment for plaintiff.

No exceptions of any kind were preserved below.

The only assignment of error necessary to notice is the following: "The Court committed fundamental error in rendering judgment for the plaintiff for the amount due the estate of the deceased under the insurance policy issued by the defendant, in the absence of an allegation in the plaintiff's original petition, that there was no administration, or necessity for an administration upon the estate of deceased and that the plaintiff was the sole heir at law of the deceased."

We overrule this assignment.

It has been pointedly and repeatedly held that, in the absence of an exception, the supplemental petition may be considered as an amendment to the cause of action as alleged in the original petition. Crow v. First Nat. Bank of Whitney (Tex. Civ. App.) 64 S.W.(2d)

377, 378, and authorities there collated. See also the following authorities: Glenn v. Dallas County Bois D'Arc, etc., District, 114 Tex. 325, 268 S. W. 452, 453; Wilson v. Hagins (Tex. Civ. App.) 25 S.W.(2d) 916; Id. (Tex. Com. App.) 50 S.W.(2d) 797, 801; Stephens v. Anson Motor Co. (Tex. Civ. App.) 21 S.W. (2d) 699; Aniol v. Aniol (Tex. Civ. App.) 62 S.W.(2d) 668, 669; O'Neil v. O'Neil (Tex. Civ. App.) 258 S. W. 588, 591.

The case of Youngs v. Youngs (Tex. Civ. App.) 16 S.W.(2d) 426, and others of like character cited by defendant, have no application to this record. Here it was alleged and proven that there was no administration; no debts; that the deceased had his domicile in Floyd county, Tex., at the time of his death; and that plaintiff was his sole heir at law. That these matters were alleged in what is called a "supplemental petition" cannot avail defendant anything, in the absence of an exception in the court below. Such a question may not be raised for the first time in this court.

Believing that the judgment of the trial court was supported by both pleading and proof, it is affirmed.