San Antonio & Aransas Pass Railway Co. v. J. M. Harrison.

No. 2614.

1.   **Pleading—Evidence.**—An instrument charged in a pleading to have been executed by the other party or his authority is admissible in evidence without proof of its execution unless the act or the power of the agent be denied under oath.   This rule obtains also to an instrument which does not on its face purport to be the act of the party on whose behalf it is alleged to have been executed.   61 Texas, 536.

2.   **Depositions.**—Where depositions are taken by one party and no cross-interrogatories are filed the statutory rule is that the party not crossing the interrogatories can not read the depositions over the objections of the party taking them.   Rev. Stats., art. 2233.

3.   **Attachment—Certainty in Levy upon Land.**—A levy upon a tract of land subdivided into town lots is insufficient unless the separate lots levied upon are specified in the return upon the writ.

Appeal from Fayette.    Tried below before Hon. H. Teichmueller.
The opinion contains a statement of the case.

*S. C. Patton*, for appellant.—1.   Bills, notes, and all written contracts or agreements of whatsoever character, signed or purporting to be signed, when offered in evidence are evidence only of things expressed in writing or figures upon the instrument itself, and when the subject of suit can not in their terms or condition be enlarged or modified by the allegations of the petition setting them up.

2.   Admitting that defendant having been charged in the petition with the execution of the written instruments sued on could not deny their execution except under a plea of *non est factum*, yet if from the instruments themselves it does not appear that they were executed by defendant the plaintiff is by the general denial put upon proof of this.

3.   Depositions when filed among the papers in a cause cease to be under the exclusive control of the party taking the same, whether crossed or not, and may be introduced in evidence by either party to the suit.

4.   To authorize forced sale of land under judicial decree the description of land in the levy must be sufficient within itself to identify the same.    Mitchell v. Ireland, 54 Texas, 305.

*Phelps & Lane,* and *Brown & Dunn,* for appellee.— 1.   The defendant having filed no plea under oath denying that its agents had the authority to act for and bind it as charged in plaintiff's petition, plaintiff was not required to introduce any evidence to prove the execution of said drafts as charged.   Rev. Stats., art. 1265, subdiv. 8, and art. 2262; City Water Works Co. v. White, 61 Texas, 538, and authorities there cited.

. 2.   A party who has not filed cross-interrogatories has no right to read a deposition when the party at whose instance the commission was issued has declined to read it and makes objection to its introduction.   Rev. Stats., art. 2233;  Brandon v. McNelly, 43 Texas, 76;  Town of Refugio v. Byrne, 25 Texas, 193;  Harris v. Leavitt, 16 Texas, 340;  Norvell v. Oury, 13 Texas, 31.

3.   On sufficiency of the levy of attachment.   Rev. Stats., art. 177; City National Bank v. Cupp & Co., 59 Texas, 270.

Gaines, Associate Justice.—This suit was brought by appellant to recover of appellee on sundry drafts, of all of which the appellant was alleged and admitted to be the owner.

Upon the trial the defendant objected to the introduction in evidence of four of the drafts upon the ground that they did not purport on their face to be either drawn or accepted by defendant or any one authorized to bind it.   The court overruled the objection, and in this there was no error.   One of these drafts is drawn on the defendant company and shows an acceptance signed "J. P. Nelson, Agent."   The others are drawn on J. P. Nelson, agent, and are accepted in like manner.   We fail to perceive upon what the objection is based unless it be contended that in order to admit the drafts in evidence without proof of the authority of the agent the acceptances should have shown expressly that Nelson purported to sign as agent of the company.   But in order to admit in evidence an instrument charged in a pleading to have been executed by the authority of the opposite party without proof of the authority when the execution is not denied under oath it need not purport on its face to be the act of the party on whose behalf it is alleged to have been executed.   City Water Works v. White, 61 Texas, 538, and cases cited. The petition alleged that the drafts were accepted by Nelson as the authorized agent of the defendant company and neither the execution of the acceptances nor the authority of the agent was denied under oath. The drafts were properly admitted in evidence.

During the progress of the trial the defendant's counsel offered to read in evidence two depositions taken by plaintiff which contained no cross-interrogatories on behalf of defendant.   The court correctly excluded the depositions.   No cross-interrogatories having been filed on the defendant's behalf the depositions could not be read over the objection of plaintiff's counsel.   The rule is statutory.   Rev. Stats., art. 2233.

Appellant's fifth assignment of error is in effect that the court erred in rendering judgment against defendant without proof of the authority of the agent who signed the drafts and acceptances. The authority was not denied under oath and no proof was necessary. Rev. Stats., art. 2262.

There was no error in rendering judgment for the amount of the drafts and interest, but we think the assignment that the court erred in refusing to dissolve the attachment on motion of the defendant is well taken.

The ground of the motion was that the description of the land in the levy was not sufficient. There are two tracts of land sought to be described in the levy, and as the descriptions are alike we copy here but one of them. It is as follows:

"A certain tract of land containing one hundred and fifty acres, more or less, on which is located the new town of Moulton, in Lavaca County, State of Texas, along the line of the said San Antonio & Aransas Pass Railway, including all of the right, title, and interest of said railway company in and to any and all town lots and blocks heretofore laid off upon said tract of land, said interest being such as has been deeded, sold, released, or contracted to said railway company, or to any person as trustee for them, by S. B. Moore, of Fayette County, Texas, less such portion of said interest in said land as has been heretofore lawfully and legally disposed of by them, and less such portion of said tract of land as has been heretofore donated or set apart for right or way and depot purposes for said railway."

The statute requires that the return of the sheriff "shall describe the property attached with sufficient certainty to identify it," and at an early day in construing this statute this court held that it was not sufficient to describe a merchant's wares "as a stock of goods, wares, and merchandise," but that an inventory of the goods must be given. Messner v. Lewis, 20 Texas, 221.

From the principle so decided it would follow that when an attachment is sought to be levied upon several tracts of land each should be specifically described, and if the description of each is not certain in itself then it should at all events refer to some document which would make it certain. If the description above quoted means to point out a survey merely upon which the town of Moulton is situate it is too vague to show by any definite terms what particular survey it is. If it means a one hundred and fifty acres which had been laid off into lots and blocks and designated as the town of Moulton, then it should have described each lot and block by its number or by some other designation so that each could be particularly identified and so that the order of sale under the judgment of foreclosure could direct the sheriff specifically to sell each particular parcel.

The levy would have compelled a sale in mass and was therefore illegal. In Mackay v. Martin, 26 Texas, 57, it is said: "It is scarcely possible

that a sale in gross pursuant to a levy upon a mass of property without any specific description, embracing undefined and unascertained interests, could be a fair sale of the property for its full value." The part of the levy not quoted above is upon another town tract and the description is very similar and no better. We are of opinion that the entire levy is insufficient and that it should have been held for naught.

The judgment of the court below is accordingly reversed and is here rendered for the appellee for his debt and interest and that he take nothing by reason of his attachment.

*Reversed and rendered.*

Opinion January 22, 1889.