B. D. Dashiell et al. v. W. E. Johnson et al.

No. 1525. Decided March 1, 1906.

**1.—Practice on Appeal—Rendering Judgment—Credibility.**

The appellate court should not, on reversing, render a judgment, though upon evidence supporting it and not contradicted, when the circumstances and connection of the witnesses with the litigation were such as to render the credibility of that evidence a question of fact on which a jury should be allowed to pass.    (Pp. 546, 547.)

**2.—Costs.**

A defendant should be taxed with only the costs incident to recovery of the property which he claimed by plaintiff, excluding those peculiar to litigation by others over other property.    (P. 547.)

Error to the Court of Civil Appeals for the First District in an appeal from Leon County.

Johnson and wife sued Callaway and Dashiell for the recovery of four tracts of land, Dashiell disclaiming as to all but one.    Plaintiff appealed from an unfavorable judgment, and the court, reversing, rendered judgment in his favor from which writ of error was prosecuted.

*Thos. B. Greenwood, L. T. Dashiell, M. M. Hawkins* and *Wm. Watson,* for plaintiffs in error.

*S. W. Dean, W. B. Moses* and *Callicutt & Call,* for defendants in error.

WILLIAMS, Associate Justice.—The nature of this case and the judgment rendered by the Court of Civil Appeals may be seen from the opinions of Mr. Justice Gill, reported under the name of Johnson v. Callaway, 87 S. W., 178.    This writ of error by Dashiell and Callaway brings in review only those parts of the opinions and judgment which relate to the title to the property therein held to be the homestead of defendants in error, Johnson and wife, and finally adjudged to them. We agree, in the main, with the views of the law upon the questions affecting that title, expressed by the Court of Civil Appeals, copies of whose opinions will accompany the mandate for the guidance of the district court upon another trial.

After a careful examination of the facts, we are, however, of the opinion that the plaintiffs in error (defendants below) are entitled to a trial by jury upon the truth of Mrs. Johnson's contention that she did not know the true character of the consideration for the conveyance of the homestead and believed it to be $5,000.00 in money.    The Court of Civil Appeals correctly states the testimony of herself and husband on the point, which is not directly contradicted, but, considering their connection with the litigation and the transactions leading up to it and all of the circumstances of the case, upon which we shall not comment, we are of the opinion that a question as to their credibility was presented.    In saying this we would imply no criticism, favorable or

unfavorable, upon their evidence, but merely hold that the opposing parties are entitled to have a jury pass upon the question, and that it was error for the Court of Civil Appeals to render final judgment.

The Court of Civil Appeals adjudged all of the costs of the suit against Dashiell as well as against Callaway, and this action, the attention of that court having been called to it by motion, is assigned as error. Since that judgment is to be reversed, it becomes unnecessary for us to say more than that, if the plaintiffs should recover of Dashiell the property claimed by him, only the costs incident to the litigation about it should be adjudged against him, excluding the costs peculiar to the litigation between plaintiffs and Callaway about other property.

*Reversed and remanded.*