## THOMASON et al. v. BERRY et al.
### (No. 521—4199.)

(Commission of Appeals of Texas, Section B. Oct. 14, 1925.)

1. **Pleading ⬅️291(I)—Court not authorized to hear evidence or submit issue as to non-liability of defendants individually where answer denying individual liability on contract was not verified.**

Where complaint, in action against officers of corporation individually, alleged that contract sued on was theirs, and their answer denying individual liability was not verified, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, court was not authorized to hear evidence or submit any issue tending to excuse them from individual liability; such answer being in effect a plea of non est factum.

2. **Appeal and error ⬅️192(2) — Unverified plea of non est factum need not be excepted to in order to bring up error in submission of issues thereunder.**

Unverified plea of non est factum is a nullity whether contract purports to be executed by defendant or not, where plaintiff alleges that writing is defendant's instrument, and need not be excepted to in order to bring up error in submission of issues thereunder.

3. **Appeal and error ⬅️192(2)—Reversal of judgment for refusal to submit issues under unverified plea denying individual liability on contract error, though evidence thereon was heard without objection.**

As evidence admitted without pleadings to support it cannot form basis of judgment, Court of Civil Appeals erred in reversing judgment for refusal to submit issues under defendant's unverified plea denying individual liability on contract sued on, though evidence thereon was heard without objection.

4. **Evidence ⬅️444(2)—Pleading ⬅️291(I)—Submission of issue whether defendant signed contract with understanding that another should sign should not be refused as tending to vary or contradict instrument, or because plea of non est factum was not verified.**

Submission of issue whether defendants signed contract sued on with understanding that another should also sign should not be refused as tending to vary or contradict instrument, or because plea of non est factum was not verified, as failure of such third person to sign destroyed existence of contract, which was not effected until actual or constructive delivery.

5. **Trial ⬅️350(4) — Submission of issue whether defendants signed contract with understanding that another would also sign held properly refused as not warranted by evidence.**

Where defendants denied that another was to execute and bind himself individually by contract sued on, and neither of them testified that he signed on understanding that such third person would also do so, court properly refused to submit such issue, though testimony for plaintiffs was that such third person was to sign individually and as president of corporation of which defendants were officers.

6. **Appeal and error ⬅️1089(I)—General reference by Court of Civil Appeals to requested issues which it held should have been given held to warrant consideration of refusal to submit certain issue as included in grounds for reversal.**

General reference by Court of Civil Appeals to requested issues which it held should have been given *held* broad enough to include issue whether defendant signed contract sued on with understanding that another should also sign, so as to authorize consideration by Supreme Court of refusal to submit such issue as included in Court of Civil Appeals' grounds for reversal.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by G. W. Thomason and another against W. L. Berry, Calvin J. Henson, and others. Judgment against named defendants reversed by Court of Civil Appeals (261 S. W. 154), and plaintiffs bring error. Reversed, and judgment of district court affirmed.

G. W. Thomason, of Haskell, for plaintiffs in error.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, and T. R. Odell, and B. F. Reynolds, both of Throckmorton, for defendants in error.

SPEER, J. G. W. Thomason and Y. L. Thomason sued the Boggy Valley Oil Company, a corporation, A. V. De Pascale, W. L. Berry, and Calvin J. Henson to recover a balance claimed as rent on certain well-drilling machinery and implements, and also for the value of such machinery and implements, alleging that the defendants had failed to return the same, but had converted it to their own use.

The action was based upon a written contract. The defendants Berry and Henson answered, denying that they were personally liable on the contract, and alleging for reasons stated that the contract was that of the Boggy Valley Oil Company, these defendants being vice president and secretary, respectively, of that corporation. There was a judgment by default as against the corporation, and a judgment in favor of the defendant De Pascale, and a judgment upon verdict against the defendants Berry and Henson individually, which judgment, in the last respect, was reversed by the Court of Civil Appeals (261 S. W. 154), and the cause is now before us upon writ of error to review that judgment.

[1, 2] The Court of Civil Appeals reversed the judgment of the trial court for its refusal to submit certain requested issues of fact touching the individual liability of the defendants Berry and Henson, upon the theory that the instrument sued on did not clearly

import the individual liability of these defendants, but that it was ambiguous, permitting the defense that it was not intended to bind the defendants Berry and Henson individually. The plaintiffs, however, sued these defendants individually, alleging that the contract was theirs; and, while these defendants denied individual liability thereon, such answer was not verified as required by article 1906, Vernon's Sayles' Civil Statutes. The answer of these defendants was in effect a plea of non est factum, but, as stated, lacked the verification required by statute. It would seem that in this state of the pleadings the trial court was not authorized to hear evidence or to submit any issue tending to excuse the defendants Berry and Henson from individual liability. In Drew v. Harrison, 12 Tex. 279, it is clearly held that a plea of non est factum not verified under the statute is a nullity, and it is not necessary to except to it. The reason given for the rule is that such a plea destroys the plaintiff's prima facie case made by statute, and casts upon him the burden of introducing proof other than the instrument itself to support his cause of action. In this respect, it is there pointed out, it is different from a plea of failure or want of consideration, a failure to verify which is waived where not timely excepted to. This rule, based upon this distinction, has been subsequently followed and approved by the Supreme Court. Persons v. Frost, 25 Tex. Supp. 130; City Waterworks v. White, 61 Tex. 536.

This necessity for a verified plea of non est factum extends not only to those cases involving instruments which purport to be executed by the defendant, but also to those cases of instruments which do not purport to be executed by defendant where the plaintiff has alleged that such writing was the instrument of the defendant. Bradford v. Taylor, 61 Tex. 508; San Antonio, etc., Ry. v. Harrison, 72 Tex. 478, 10 S. W. 556; I. & G. N. Ry. Co. v. Tisdale, 74 Tex. 8, 11 S. W. 900, 4 L. R. A. 545.

[3] It is true there was no exception to defendants' plea for want of verification, and it is likewise true that evidence upon such plea was heard without objection. But, if the plea itself was a nullity, no exception was required, and it is well settled that evidence admitted without pleadings to support it cannot form the basis of a judgment. So that, for this reason, we think the Court of Civil Appeals erred in reversing the judgment of the trial court for refusing to submit those issues intended to present the defendants' plea of nonliability. We therefore find it unnecessary to pass upon the question of whether or not the contract sued upon is ambiguous within the rule admitting parol evidence.

[4, 5] There is another issue, however, that is not controlled by the questions we have just discussed. Each of the defendants in error requested the court to submit the issue whether or not at the time he signed the contract sued upon he did so with the understanding that A. V. De Pascale should also sign same before it was to be binding. Of course, if the facts justified the submission of this issue, it should not be refused upon the ground that it would tend to vary or contradict the instrument, nor upon the ground that the plea of non est factum was not verified, for such defense is not in anywise an attempt to contradict or vary the executed instrument, but, rather, it goes to the integrity of the contract. A contract is not effected until there has been a delivery, either actual or constructive, and if the instrument in controversy was delivered upon the express condition that it was not to be binding as an instrument until signed by De Pascale, then the failure of De Pascale to sign destroys the very existence of the contract, and it may be shown in defense. Steffian v. Bank, 69 Tex. 513, 6 S. W. 824; Coleman v. Easton (Tex. Com. App.) 249 S. W. 200; Morris v. Logan (Tex. Civ. App.) 273 S. W. 1019. We are of the opinion, however, this issue was properly refused, because there was no evidence to justify it. While the testimony for plaintiffs in error was to the effect that De Pascale was to sign both as president of the corporation and individually, nevertheless, each of the defendants in error denied that he was to execute and bind himself individually, and nowhere did either of them testify that he did sign upon the understanding that De Pascale would likewise sign, or in fact, that he agreed to bind himself in any event upon the condition that De Pascale would likewise sign. There is nothing in the evidence to verify the contention that the signatures of defendants in error were affixed upon the promise or assurance of any one that De Pascale would sign. The delivery of the instrument, therefore, was not an issue in the case.

[6] It is not clear that the Court of Civil Appeals meant to include this as a ground for reversal, since the opinion of that court refers only generally to requested issues which it held should have been given. But such reference appears to be broad enough to include the issue last discussed. For these reasons, it follows the judgment of the Court of Civil Appeals in reversing upon these points was erroneous.

We recommend that the judgment of the Court of Civil Appeals be reversed, and judgment of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.