**CLEM v. FULGHAM.** (No. 1011–5195.)

Commission of Appeals of Texas, Section B. March 13, 1929.

George T. Burgess, of Dallas, for plaintiff in error.

Crate Dalton, of Dallas, for defendant in error.

SHORT, P. J. ▆ This is a suit by defendant in error for rescission and cancellation of a deed made and delivered to him by the plaintiff in error, and also for money expended in attempting to make use of the property for which it was purchased. The plaintiff in error was the apparent owner of the property, holding in his name the legal title and having some beneficial interest in it. The owner of the chief beneficial interest was S. Z. Park, who had conveyed the property to the plaintiff in error to secure an indebtedness due by him to the latter. This property was a city lot in Dallas, having an approximate front of 50 feet with a depth approximately of 200 feet. Park, as the owner of the property, had employed C. L. Snow to sell it for him at a price of $2,500. Snow effected the sale, in pursuance of which Park and defendant in error executed a written contract; the property being described as 50 feet frontage by 200 feet in depth. Snow also delivered to defendant in error an abstract of title. This showed a frontage of approximately 70 feet with a depth approximately of 180 feet. Defendant in error agreed to accept the property as shown by the abstract. Clem was in California during these negotiations, and afterwards, while in Colorado, he executed a deed sent to him by an abstract company, presumably at Snow's direction, conveying the property to defendant in error, the deed of which described a frontage of 70 feet by 180 in depth. After receiving this deed, defendant in error proceeded to incur certain expenses in the preparation and beginning to build an apartment house on the property. Among other things, the defendant in error made certain excavations preparatory to establishing the foundation of the house, a part of which excavation was made on land afterward discovered not to belong to Clem or to Park, consisting of 21 feet frontage. Thereupon the defendant in error ceased his operations, and brought this suit to cancel the deed which had been made and delivered to him and claiming consequential damages growing out of the misrepresentation made in the abstract and in the deed as to the length of the

frontage of the lot. The defendant in error did not at any time have any conversation with the plaintiff in error about the trade. All that the plaintiff in error did was to execute and deliver the deed sent to him by the abstract company. The Court of Civil Appeals finds that Snow was not the agent of the plaintiff in error. Consequently, whatever representations Snow may have made to the defendant in error did not bind the plaintiff in error. A jury having been impaneled and the testimony having been heard, each party moved the court to instruct the jury in his favor peremptorily, and both of these motions were overruled. However, the court did instruct the jury to return a verdict canceling the deed and assessing damages in a sum less than that claimed in the petition and supported by testimony given by defendant in error. The plaintiff in error having perfected an appeal, the Court of Civil Appeals of the Seventh District affirmed the judgment of the district court. 4 S.W.(2d) 280.

The first assignment of error challenges the correctness of the holding by the Court of Civil Appeals that the action of the trial court in peremptorily instructing the jury was correct. This assignment we sustain. A jury having been impaneled, the plaintiff in error was entitled to have the case submitted to and decided by the jury under appropriate legal instructions. The testimony was more or less conflicting, not only as to the right of the defendant in error to rescind the contract and cancel the deed, but also as to the amount of the damages he would be entitled to recover in the event he should be entitled to a rescission and cancellation. Substantially all of the testimony tending to establish the material allegations in the petition was that of the defendant himself. The cause of action of the defendant in error is based upon constructive fraud perpetrated upon him by the plaintiff in error in executing and delivering to him a deed to land, a portion of which he did not own. It was therefore necessary for him to prove by a preponderance of the evidence that the erroneous statement in the deed was false, that he relied thereon, and so relying accepted the deed at its face value, that he had a right to rely thereon, that he was damaged, and the amount he was entitled to recover. The instruction given to the jury by the court necessarily embraced a finding by the court that each of these elements had been established conclusively. A jury having been selected for the purpose of trying out the facts, where the testimony was of the character sufficient to raise an issue, the trial judge was without authority to deprive the plaintiff in error of his legal right to have these disputed issues determined by the verdict of the jury. It may be that the testimony of the defendant in error is not directly contradicted, but considering the fact that he was an interested witness, together with all the circumstances in the case, some of which indirectly tend to contradict the truth of some of the material statements made by the defendant in error, we are of the opinion that a question as to his credibility was presented, to determine which was the sole province of the jury which the parties had selected to try out the facts. Dashiell v. Johnson, 99 Tex. 546, 91 S. W. 1085; Coats v. Elliott, 23 Tex. 613; Mills v. Mills (Tex. Com. App.) 228 S. W. 920; Sonnentheil v. Brewing Co., 172 U. S. 408, 19 S. Ct. 233, 43 L. Ed. 495.

We have examined the other assignments of error, and in view of the disposition we have made of the case, find it unnecessary to discuss them, particularly since what we have said heretofore indicates a sufficient expression of our opinion of the law to enable the district court, upon another trial of the case, to instruct the jury correctly upon the issues which may be made by the testimony.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that the case be remanded to the district court for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.