## CLEM v. FULGHUM.
### No. 1382—5979.

Commission of Appeals of Texas, Section B.
March 15, 1933.

George T. Burgess, of Dallas, for plaintiff in error.

Crate Dalton and Earl E. Miller, both of Dallas, for defendant in error.

SHORT, Presiding Judge.

This case reached the Court of Civil Appeals twice, and is before the Supreme Court the second time. There are two applications for the writ of .error. The controversy involves the right of W. W. Fulghum to rescind the sale of a parcel of land in the city of Dallas apparently made by O. E. Clem to him; also to cancel a note for $2,300 given as a part of the consideration, and to recover $200 in cash paid on the trade, and also to recover certain damages alleged to have arisen from special circumstances surrounding the alleged transaction. Upon the original trial, before a jury, Fulghum was given an instructed verdict in his favor, granting him all the relief he sought. The Court of Civil Appeals at Amarillo affirmed the judgment rendered by the district court upon that trial. 4 S.W.(2d) 280. A writ of error was granted by the Supreme Court, and this Section of the Commission rendered an opinion reversing the judgment of the Court of Civil Appeals at Amarillo, and remanded the case for another trial, upon the ground that Fulghum was not entitled, under the testimony, to an instructed verdict. 14 S.W.(2d) 812. Upon the second trial of the case, Fulghum again recovered a judgment based upon certain facts ascertained by a jury, which granted him substantial relief, and which, in effect, canceled the sale to the parcel of land, and gave him a judgment for the $200 purchase money, and also a judgment for $790 special damages. The Court of Civil Appeals at Dallas reversed the judgment of the district court, and remanded the case substantially upon the ground that the testimony, under the pleadings, was wholly insufficient to support the judgment for special damages, and that the testimony was conflicting as to the right of Fulghum to cancel the sale, and recover the $200. In other words, the judgment of the Court of Civil Appeals at Dallas was based upon the insufficiency of the testimony to support the judgment of the trial court. 37 S.W.(2d) 201, 203.

The theory of Clem is to the effect that Fulghum had agreed in writing with one Park to buy a tract of land 50 feet by 200 feet on Montreal street, being the first vacant lot 50 feet by 200 feet facing on Montreal street south of Tenth street, and that the allegations of Fulghum's petition are based on this written contract, whereas the uncontradicted testimony is that Fulghum accepted a deed from Clem to a lot described as 70.4 feet wide by 179 feet deep, which deed was not in accordance with the written contract, and which, having been accepted by Fulghum, showed that he had no right to rely on the written contract, and therefore no right to rescind, by reason of which the Court of Civil Appeals erred in remanding the case for another trial.

The theory of Fulghum, upon which he apparently must have based his right to sustain the two judgments rendered in his favor by the trial court, is to the effect that while he made a written contract to purchase the lot described as 50 feet by 200 feet on Montreal street, yet he was afterwards informed by the duly authorized agent of Clem, that Clem's lot, to which the written contract with Park referred, was 70.4 feet wide and 179 feet deep, in place of 50 feet wide and 200 feet deep, and that the written contract, by agreement, was canceled, and the deed was executed by Clem in pursuance of an oral agreement on the part of Fulghum to purchase a lot 70.4 feet wide and 179 feet deep, whereas as a matter of fact Clem only had the right to convey a lot 49.4 feet wide and 168 feet deep, and that Clem had knowledge of the fact that Fulghum intended to build a certain kind of house on this property, and after Fulghum had received the deed, which Clem had executed, he incurred certain expenses preparatory to building this house, in consequence of which he sustained special damages by reason of the fact that he afterwards discovered that Clem did not own the property conveyed to the extent of

about 21 feet wide fronting on Montreal street.

■ The Court of Civil Appeals finds that there is no testimony under the allegations of Fulghum's petition, as a basis for this theory, and no testimony in support of it. We have reached the conclusion that the Court of Civil Appeals was correct in this contention, as well as in the contention that the testimony is conflicting as to the right of Fulghum to rescind. These being questions of fact, the Supreme Court has no authority to set aside the judgment of the Court of Civil Appeals, which remands a case on this ground, especially since we have concluded that a holding by the Court of Civil Appeals of no testimony is tantamount to a holding that the testimony is insufficient to sustain the judgment of the trial court. Fifth National Bank v. Iron City National Bank, 92 Tex. 436, 49 S. W. 368; Tweed v. Western Union Tel. Co., 107 Tex. 255, 166 S. W. 696, 177 S. W. 957; Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 260 S. W. 565; Gray v. Kaliski (Tex. Com. App.) 45 S.W.(2d) 157; Wilson v. Hagins, 116 Tex. 546, 295 S. W. 922; Electric Express and Baggage Company v. Ablon, 110 Tex. 235, 218 S. W. 1030; Wilson v. Freeman, 108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203; Pollock v. Houston & T. C. Ry. Co., 103 Tex. 69, 123 S. W. 408; Wallace v. Southern Cotton Oil Company, 91 Tex. 18, 40 S. W. 399; Choate v. San Antonio & A. P. Ry. Co., 90 Tex. 82, 36 S. W. 247, 37 S. W. 319; Choate v. San Antonio & A. P. R. Co., 91 Tex. 406, 44 S. W. 69; Lee v. I. & G. N. Ry. Co., 89 Tex. 583, 36 S. W. 63.

Fulghum, in his application for the writ of error, contends that the opinion of the Court of Civil Appeals holds differently upon the law of agency and the denial of agency under oath to the opinion of the Supreme Court in Thomason v. Berry (Tex. Com. App.) 276 S. W. 185; and also to the opinion of the Supreme Court in Bradford v. Taylor, 61 Tex. 508, and in San Antonio, etc., Ry. Co. v. Harrison, 72 Tex. 478, 10 S. W. 556, and in International & G. N. Ry. Co. v. Tisdale, 74 Tex. 8, 11 S. W. 900, 4 L. R. A. 545, as well as the opinions of several other Courts of Civil Appeals in certain cases; and also that the opinion of the Court of Civil Appeals is contrary to the opinion of the Commission of Appeals upon a former appeal of this case under the identical pleadings and facts.

A reference to the opinion of the Commission of Appeals in this case, 14 S.W.(2d) 812, supra, discloses that it discussed only one assignment of error. This assignment merely challenged the correctness of the holding of the Court of Civil Appeals that the action of the trial court in peremptorily instructing the jury was correct, and sustained that assignment. That opinion assumed that Fulghum's cause of action was based upon constructive fraud perpetrated by Clem in executing and delivering to him a deed to land, a portion of which he did not own, with knowledge of the circumstances surrounding the transaction. Neither the sufficiency nor insufficiency of the pleadings was involved in the opinion rendered by the Commission of Appeals. Only the sufficiency of the testimony introduced by Fulghum to support the allegations in his petition was involved, and we held that Fulghum's own testimony was insufficient to support the allegations of his petition, in view of the fact that there were some circumstances in the case indirectly tending to contradict the truth of some of the material statements made by Fulghum. The Court of Civil Appeals at Dallas, in its opinion, says, among other things: "A discussion of the situation presented is, in our opinion, unnecessary, as it is obvious the case proven is so materially variant from the case pleaded, it cannot be reasonably contended that an issue was raised as to Clem's liability for special damages." This language of the Court of Civil Appeals is evidently based upon the conclusion reached that upon the second trial of the case there was no testimony whatever even tending to show that the written contract, executed between Fulghum and Snow, as the agent of Park, the real owner of the property described in the written contract, to the extent of 49.4 feet wide and 168 feet deep, had been canceled, and a new contract made, orally, between Snow as the agent of Clem, and Fulghum, by the terms of which Fulghum agreed to buy, and Clem agreed to sell, the lot of land described in the deed, afterwards delivered by Snow, as Clem's agent, to Fulghum, and, further, that even if there had been such testimony, there were no allegations in the petition of Fulghum to the effect that while he had agreed in writing to purchase a parcel of land 50 feet wide and 200 feet deep, yet this contract was afterwards by mutual agreement canceled, and he agreed to buy, and did buy from Clem, through his authorized agent Snow, a parcel of land 70 feet wide and 179 feet deep.

■ Upon the first trial of the case, it apparently was assumed by the trial court, and by the Court of Civil Appeals, as well as the Commission of Appeals, as reflected by the record, that the pleadings and the testimony were in harmony. At least, if they were not, the point was not discussed. Again it seems to have been assumed upon the first trial and the first appeal that Fulghum was entitled to recover his damages against Clem upon the idea that the written contract was canceled, and a written contract was made orally between Snow, as Clem's agent, and Fulghum, and that the deed made by Clem to Fulghum was in pursuance of this new oral contract, with knowledge on the part of Clem that Ful-

ghum intended to use the property for the purpose of building an apartment house upon it, and therefore was responsible to Fulghum for the damages resulting from the acceptance by Fulghum as true the recitations in the deed made by Clem to him. The Court of Civil Appeals at Dallas, upon the second appeal, finds as a fact that no such agreement was made between Fulghum and Snow, and of course necessarily finds as a fact that Snow was not Clem's agent, and the latter was not bound to respond in damages for the mistake which Fulghum made in assuming that the deed represented the true boundaries of the lot. Moreover, the record shows beyond dispute that Fulghum could not recover damages against Clem for the transaction evidenced by contract in writing between Fulghum and Park, the true owner of a part of the property described in the contract. So the question of the law of agency under the facts found by the Court of Civil Appeals is not involved. There can be no doubt that when a suit is founded on an instrument in writing, charged to have been executed by the authority of the defendant, evidence showing that the instrument was not executed by the defendant is not admissible unless verified by affidavit. But in this case Clem does not deny that he made the deed, which the testimony shows was in fact made, but upon neither theory heretofore outlined is this principle of law of agency involved. Clem says in his theory that he knew nothing about the mistake made in conveying to Fulghum more land than Park really owned, and therefore was not responsible in damages to Fulghum. Upon the other hand, Fulghum says that, while he agreed in writing to purchase from Park a certain described lot, he afterwards rescinded this agreement, and made another, changing the boundary of the lot, all of which was done through Snow, who acted as the agent of Clem. But the Court of Civil Appeals finds that Fulghum sued upon the written contract, and that he offered no testimony to show that the damage he sought was the result of the cancellation of the written contract and the making of a new contract orally. The burden of proof being upon Fulghum with this finding of the Court of Civil Appeals, he could not recover against Clem. The first assignment of error presented by Fulghum in his application, upon which it was granted, is that the Court of Civil Appeals, upon the second appeal, held contrary to the opinion of the Commission of Appeals upon the first appeal; but it appears that the Court of Civil Appeals finds an utter absence of testimony upon a vital point, upon the second trial, the presence of which testimony at least was assumed to exist upon the first trial. In other words, the Court of Civil Appeals is not bound by the opinion of the Commission of Appeals, for the reason that the testimony upon the second trial was materially different from what it was assumed to be on the first trial, as to a material matter.

In his application for a writ of error, Clem asserts that Fulghum has no right to rescind the contract evidenced by the deed made by Clem to him, claiming that the Court of Civil Appeals erred in not rendering the case in his favor, denying to Fulghum the right of rescission. On this point the Court of Civil Appeals says, after holding that the case does not show that Fulghum was entitled to recover special damages against Clem: "But, as the evidence is conflicting on the issue as to the right of plaintiff to rescind, the case will be reversed and remanded for further proceedings. If on retrial facts are found that justify rescission, plaintiff will be entitled to have the purchase-money note for $2,300 canceled, and to recover the $200 paid upon the trade, with legal interest from the date of payment."

We have examined the statement of facts, and agree with the Court of Civil Appeals as to the fact that the evidence is conflicting on the issue as to the right of Fulghum to rescind. Believing that the opinion of the Court of Civil Appeals states the law of the case, as presented by the pleadings and the testimony upon the second trial, we recommend that its judgment be affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals affirmed.