Jack BACCUS, Appellant,

v.

PLAINS COTTON COOPERATIVE
ASSOCIATION, Appellee.

No. 8502.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 21, 1974.

Rehearing Denied Nov. 18, 1974.

McGowan, McGowan & Hale, Bill Mc-
Gowan, Brownfield, for appellant.

J. R. Blumrosen, Lubbock, for appellee.

REYNOLDS, Justice.

Defendant's plea of privilege, controvert-
ed on the exception that defendant had
contracted in writing to perform an obliga-
tion in the county of suit, was overruled.

Plaintiff's failure to prove delivery of the signed instrument made the basis of the suit required that the plea of privilege be sustained. Reversed and rendered.

Plaintiff Plains Cotton Cooperative Association instituted this suit in Lubbock County to compel defendant Jack Baccus to specifically perform under an alleged contract signed by Baccus specifying his performance in Lubbock County, or, alternatively, for damages for breach thereof. Pleading his privilege to have the suit transferred to Terry County where he is domiciled, Baccus denied under oath delivery of his signed instrument. The association controverted the plea, interposing subdivision 5 of Vernon's Ann.Civ.St. art. 1995 which, insofar as applicable here, provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county . . . suit upon or by reason of such obligation may be brought against him . . . in such county.. . ."

At the venue hearing, the association introduced in evidence the written instrument which Baccus readily admitted signing on March 12, 1973. By the terms of the document, all cotton produced by Baccus during the 1973–74 crop year on a designated farm, which the evidence revealed was rented to Baccus, would be sold to the association at the prices quoted in an attached schedule. Baccus's signature on the instrument was secured by Kenneth Willis, an employee of the Brownfield Cooperative Gin, as agent for and subject to contract confirmation by the association, after Willis had telephoned the association's Lubbock office to ascertain that it was offering cotton contracts.

It was the testimony of Baccus that when he signed the document, he told Willis not to send it in because he could not contract the cotton, even his own or his landlord's, until he had discussed the matter with his landlord; and, subsequently when " . . . cotton had gone up, I knew it wouldn't do any good to talk to the landlord, I told them not to send it in.

. . . ." He stated that he never delivered the document to anyone nor authorized its delivery to the association.

Willis testified that " . . . as far as completing the contract . . . we had to wait for the landlord's signature. . . . " Willis, who terminated his employment with the gin during the first part of April of 1973, did not mail the signed instrument to the association "(b)ecause the landlord hadn't signed it."

Baccus's landlord never signed the instrument. When the instrument was not received in the association's office in the normal course of time, several telephone calls were made from the office to the gin to inquire about the document. Three and one-half months after Baccus signed the instrument, it was received in the association's office and confirmed on June 25, 1973.

These were the developed facts apropos of the signing and delivery of the instrument by which the association sought to compel Baccus to deliver three-fourths of the cotton produced, rather than all of it as the instrument provided, or to respond in damages. Upon these facts, the trial court overruled the plea of privilege.

To sustain the subdivision 5 exception to the general venue rule that a defendant shall not be sued out of the county in which he has his domicile, the association was required to show that Baccus had "contracted in writing to perform an obligation in" Lubbock County. Although Baccus admitted signing the instrument which provided for his performance in Lubbock County, his verified denial of delivery constituted a denial of the very existence of a contract performable by him, for until there has been a delivery, either actual or constructive, a contract is not effected. Thomason v. Berry, 276 S.W. 185 (Tex.Comm'n.App.1925, jdgmt. adopted). Moreover, if an instrument, even though signed, is delivered with the understanding that it is not to be binding as a contract until signed by another, the failure of the

other person to sign the instrument destroys the very existence of a contract. Thomason v. Berry, supra; Roddy v. Citizens' State Bank of Copeville, 11 S.W.2d 652 (Tex.Civ.App.—Dallas 1928, no writ).

 Since delivery goes to the integrity of a contract, proof of both the signing and the delivery of the instrument made the basis of suit is essential to establish the venue issue that "a person has contracted" within the meaning of subdivision 5 of the general venue statute. Generally, the production of an instrument signed by the defendant discharges the burden of proof; but, given Baccus's verified denial of delivery, the association was charged with the burden of establishing by a preponderance of the evidence an effective delivery of the instrument. See 1 McDonald, Texas Civil Practice § 4.11.4 (Rev.1965).

In view of the verified denial of delivery, the fact that the association possessed the instrument signed by Baccus, without more, neither preponderates to establish delivery nor supports a presumption thereof when all of the evidence bearing on delivery demonstrates that delivery was subject to a condition which never materialized. The association's possession of the instrument is consistent with all of the evidence that the signed instrument was left with the association's agent with the mutual understanding that it was not to be binding until it was signed by the landlord. The absence of the landlord's signature to the instrument destroyed its efficacy as a contract.

The association failed to establish a contract and, therefore, failed in its burden of proof to show that Baccus had "contracted in writing to perform an obligation in" the county of suit. There is no contention that the venue facts were not fully developed. Under these circumstances, Baccus was and is entitled to have his plea of privilege sustained.

The judgment of the trial court is reversed, and judgment is rendered transferring the cause to the district court of Terry County.