

# NUMBER 13-13-00615-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SANDEEP NANDA,**                                                                  **Appellant,**

**v.**

**COREY HUINKER,**                                                                  **Appellee.**

---

### On appeal from the 201st District Court
### of Travis County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes[1]

Appellant Sandeep Nanda filed a breach of contract action against appellee Corey

Huinker in relation to Nanda's purported agreement to purchase real property from

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this appeal has been transferred to this Court from the Third Court of Appeals in Austin, Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 2015 R.S.).

Huinker.   The trial court granted summary judgment in favor of Huinker on the basis of the statute of frauds.   *See* TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4) (West, Westlaw through Ch. 46 2015 R.S.).   By three issues, Nanda argues:   (1) the trial court erred in granting summary judgment; (2) the trial court erred in "refusing discovery and evidence"; and (3) the trial court's denial of appellant's motion for new trial was an abuse of discretion.   We affirm.

## I. BACKGROUND

The summary judgment record establishes the following facts:   Nanda sought to purchase from Huinker a condominium unit located in downtown Austin, Texas.   Over the course of approximately one month, the parties negotiated various terms through e-mail correspondence, including: sales price; earnest money deposit; option fee; and closing date.   As the parties neared an agreement, Nanda completed and signed a "Residential Condominium Contract" form promulgated by the Texas Real Estate Commission ("TREC" form) and submitted it to Huinker by e-mail.   Huinker responded, requesting clarification of various terms.   Huinker closed his e-mail by stating "[l]et me know how we can fix these issues and I can have it back to you tonight or tomorrow morning."   Following further e-mail discussions, Huinker e-mailed "Ok, I'll get you the paperwork shortly."[2]

---

[2] Nanda alleges in his petition that Huinker confirmed by phone that he signed the TREC form and they reached a deal.   However, allegations in a petition are not summary judgment evidence.   *Santiago v. Novastar Mortgage, Inc.*, 443 S.W.3d 462, 473 n.11 (Tex. App.—Dallas 2014, pet. denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

Before returning the TREC form, Huinker informed Nanda by phone that he was not prepared to finalize the transaction and would not continue any further negotiations. In the meantime, Huinker signed a contract to sell the property to a different buyer. Nanda later e-mailed stating, "I am glad we were able to agree on terms. I am sending the option fee now in order to comply with my obligations under the contract." Huinker responded "I am not ready to sign a contract at this time. Do not send money. Any money sent will be refunded." After further inquiry from Nanda, Huinker e-mailed again stating, "[t]here is no signed contract. No one has any obligations at this time. I wish you well in your business endeavors, but do not wish to continue negotiating with you at this time."

Nanda filed suit alleging breach of contract and seeking specific performance, declaratory and injunctive relief, and attorney's fees. Huinker filed an answer asserting the statute of frauds as an affirmative defense and bringing counter-claims for declaratory relief and attorney's fees. Huinker filed a traditional motion for summary judgment seeking partial summary judgment on his statute of frauds defense. The motion was accompanied by Huinker's affidavit in which he acknowledges he signed the TREC form but never delivered it to Nanda because he did not wish to finalize the sale.[3] Nanda filed a motion for expedited discovery, or alternatively, a motion for the continuance of the summary judgment hearing, which was denied by the trial court. After hearing oral argument, the trial court entered an order granting Huinker's motion for partial summary

---

[3] Huinker's affidavit acknowledges his "reluctance to deliver the signed Sales Contract" to Nanda. Huinker's attorney also acknowledged to the trial court and in his appellee brief that Huinker signed the contract but did not deliver it to Nanda.

3

judgment, and declaring that "the real estate contract for sale of real property . . . is unenforceable for failing to satisfy the statute of frauds."

The matter was set for a final hearing on Huinker's claim for attorney's fees. During this hearing, the trial court clarified its earlier ruling as follows:

> [I]t is this Court's belief, having read significant contract and real estate contract opinions and cases under the law, that it is irrelevant whether or not Mr. Huinker signed this contract because it is not the law of the State of Texas that signing something and then tearing it up or signing something and then giving it to your lawyer before it's ever delivered to the other side is a binding contract.
>
> . . .
>
> If a signed sales contract exists, if it does, if it was never delivered to [Nanda], the Court does not believe it is an executed contract.

The trial court entered a final judgment incorporating its earlier order and awarding Huinker attorney's fees in the amount of $7,500. This appeal followed.

## II. SUMMARY JUDGMENT

By his first issue, Nanda argues the trial court erred in granting summary judgment. Specifically, Nanda contends that Huinker did not sustain his burden on the affirmative defense of the statute of frauds. Nanda further contends that there is evidence Huinker signed the contract, and that the delivery of the contract to Nanda is not required to satisfy the statute of frauds.

### A. Standard of Review

We review a grant of traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence in favor of the non-movant, and we indulge every reasonable inference and resolve any doubts in

4

the non-movant's favor. *Id.* Where, as here, the trial court expressly states in its order the ground on which it granted summary judgment, we must determine if the trial court was correct in granting summary judgment on that basis. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996). In the interest of judicial economy, we may consider other grounds that were raised and preserved by the movant but not explicitly ruled on by the trial court to decide if they support summary judgment. *Id.*

In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

## B. Applicable Law

Under the statute of frauds, a contract for the sale of real estate "is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4). The written memorandum must, within itself or by reference to other writings and without resort to parol evidence, contain all the elements of a valid contract, including an identification of both the subject matter of the contract and the parties to the contract. *Dobson v. Metro Label Corp.*, 786 S.W.2d 63, 65 (Tex. App.—Dallas 1990, no pet.) (citing *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978); *Walker Ave. Realty Co. v. Alaskan Fur Co.*,

5

131 S.W.2d 196, 198 (Tex. Civ. App.—Galveston 1939, writ ref'd)). The elements of an enforceable contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; and (5) execution and delivery of the contract with an intent it become mutual and binding on both parties. *Goldman v. Olmstead*, 414 S.W.3d 346, 354 (Tex. App.—Dallas 2013, pet. denied).

## C.    Analysis

It is undisputed that Huinker never delivered the TREC form to Nanda. Nevertheless, Nanda argues that evidence Huinker signed the contract but kept it in his possession is sufficient to satisfy the statute of frauds. We disagree.

Language showing the parties' assent to a particular agreement must be included within a written memorandum to satisfy the statute of frauds. *Big Dog Logistics, Inc. v. Strategic Impact Corp.*, 312 S.W.3d 122, 133 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Osborne v. Moore*, 247 S.W. 498, 498–500 (Tex. 1923); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 501 (Tex. App.—Dallas 1997, pet. denied)). Evidence of mutual assent in written contracts generally consists of signatures of the parties and delivery with the intent to bind. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *see also Koukhtiev v. Hiner,* No. 01-13-00356-CV, 2014 WL 4952430, at *5 (Tex. App.—Houston [1st Dist.] Oct. 2, 2014, no pet.) (mem. op.) ("When the law requires the parties' agreement to be in writing, the contract must be signed, and a copy must be delivered to each party with the intent that it be mutual and binding.")

6

The e-mail correspondence between the parties depict on-going negotiations concerning the terms of an agreement to sell real estate. Following Nanda's delivery of the TREC form, Huinker continues to seek clarification of multiple terms. Huinker then e-mails Nanda, stating "Ok, I'll get you the paperwork shortly."[4] However, it is undisputed that Huinker never delivered the TREC form to Nanda. Huinker later indicates he does not assent to the terms of the TREC form when he e-mails, "I am not ready to sign a contract at this time[,]" and "I wish you well in your business endeavors, but do not wish to continue negotiating with you at this time." We conclude as a matter of law that absent delivery of the TREC form to Nanda, there exists no written memorandum showing Huinker's assent to the agreement. *See Sonnichsen*, 221 S.W.3d at 635 (holding there was no mutual agreement where employer prepared and signed draft of employment contract, but never delivered it to employee); *Biko v. Siemens Corp.*, 246 S.W.3d 148, 161 (Tex. App.—Dallas 2007, pet. denied) (holding revised contract did not satisfy statute of frauds where it was never signed by the party to be charged or delivered to party seeking to enforce the contract); *Baccus v. Plains Cotton Co-op. Ass'n*, 515 S.W.2d 401, 402 (Tex. Civ. App—Amarillo 1974, no writ) (explaining that although a party admitted to signing an instrument, his "verified denial of delivery constituted a denial of the very existence of a contract performable by him, for until there has been a delivery, either

---

[4] While an electronic signature may be sufficient to satisfy the statute of frauds, we note that Huinker's e-mail stating "Ok, I'll get you the paperwork shortly[,]" was not signed by Huinker, electronically or otherwise. See TEX. BUS. & COM. CODE ANN. §§ 322.005(b), 322.007(d) (West, Westlaw through Ch. 46 2015 R.S.). Huinker did not sign the e-mail using his name, nor did the e-mail include his signature block. Therefore, the unsigned e-mail does not meet the statute of frauds' requirement of a written memorandum signed by the party to be charged. *See Cunningham v. Zurich American Ins. Co.*, 352 S.W.3d 519, 530 (Tex. App.—Fort Worth 2011, pet. denied) (concluding that unsigned e-mail did not meet the requirements of a signed writing for purposes of Texas Rule of Civil Procedure 11).

actual or constructive, a contract is not effected"); *see also W. Tex. Hospitality, Inc. v. Enercon Int'l, Inc.*, No. 07-09-0213-CV, 2010 WL 3417845, at *5 (Tex. App.—Amarillo Aug. 31, 2010, no pet.) (mem. op.) (holding contract was unenforceable because of corporation's failure to sign and deliver original agreement as explicitly required in agreement).

Nanda relies primarily on *Central Power and Light Company v. Del Mar Conversation District* to support his argument that a document signed, but not delivered, is sufficient to satisfy the statute of frauds.   594 S.W.2d 782, 789 (Tex. Civ. App.—San Antonio 1980, writ ref'd n.r.e.).   In that case, the court determined a collection of written letters satisfied the statute of frauds when they were signed by the party to be charged and delivered to others, including the party seeking to enforce the agreement.   *Id.* 786–88.   The documents clearly confirmed an agreement which the parties had both honored for seventeen years.   *Id.*   In contrast, the TREC form prepared by Nanda and sent to Huinker was never returned but kept in Huinker's sole possession.   Furthermore, Huinker received the TREC form while negotiations were on-going.   He never assented to its terms, and expressly informed Nanda that he did not wish to continue negotiating with him.   The remaining cases relied on by Nanda are similarly distinguishable, in that in each case the statute of frauds was satisfied through the delivery or exchange of written documents indicating the parties' assent to the contract.   *See Adams v. Abbott*, 151 Tex. 601, 603–04, 254 S.W.2d 78, 79 (1952) (holding statute of frauds was satisfied where a contract to sell certain property was established through a series of letters between the buyer's agent and the seller, which contained a clear offer, counteroffer, and unqualified

8

acceptance); *Simpson v. Green*, 231 S.W. 375, 377–78 (Tex. Comm'n App. 1921, judgment adopted) (concluding that deed delivered in escrow contained recitals sufficient to meet the requirements of the statute of frauds when it was deposited under a mutual agreement between the vendor and vendee pursuant to a prior verbal contract of sale). Absent a written memorandum establishing Huinker's assent to the contract, the statute of frauds is not satisfied.

Nanda also argues in a footnote that deemed admissions establish the existence of a contract. The record reflects that summary judgment was entered on Huinker's statute of frauds defense prior to the deadline to respond to Nanda's request for admissions. Following entry of partial summary judgment, the parties' counsel agreed by e-mail correspondence that it was not necessary to respond to the outstanding discovery requests.[5] The e-mail correspondence was filed with the trial court as required by Rule 11 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 11. Where parties have entered into a Rule 11 agreement respecting pre-trial deadlines, courts view them as controlling. *See State v. Bristol Hotel Asset Co.,* 65 S.W.3d 638, 651-52 (Tex. 2002) (holding that Rule 11 agreement setting discovery deadline was valid and enforceable where State did not repudiate or object to agreement in trial court). Assuming arguendo, that Huinker's failure to respond to discovery resulted in deemed admissions, the evidence was not properly before the trial court, because it was not part of the summary judgment record. *See Wales v. Williford*, 745 S.W.2d 455, 457 (Tex. App.—Beaumont

---

[5] Huinker's Counsel e-mailed: "I presume you agree that the discovery which is due you Monday is now moot, and that we do not need to respond?" Nanda's counsel responded: "Agreed. If the Court reconsiders its ruling we can talk about a reasonable response period at that time." The attorneys signed the respective e-mails electronically.

1988, writ denied) (stating trial court is not authorized to hear or receive oral or written evidence or give consideration to material not before it in record in summary judgment proceeding). The scope of our summary-judgment review is restricted to the evidence properly before the trial court at the time of the hearing on the motion. *See* TEX. R. CIV. P. 166a(c).

We overrule Nanda's first point.

### III. DISCOVERY AND EVIDENCE

By his second issue, Nanda argues "the trial court committed harmful error in refusing discovery and evidence." By two sub-issues, Nanda maintains: (1) the trial court abused its discretion when it refused to grant a continuance prior to granting summary judgment, because the ruling deprived him "of any time for discovery[;]" and (2) the trial court erred in sustaining Huinker's objections to evidence concerning the real estate agreement at the hearing on attorney's fees.

### A. Continuance

#### 1. Standard of Review and Applicable Law

Rule 166a(a) permits a party to file a traditional motion for summary judgment "at any time after the adverse party has appeared or answered." TEX .R. CIV. P. 166a(a), (i); *Reynolds v. Murphy*, 188 S.W.3d 252, 258 n. 8 (Tex. App.—Fort Worth 2006, pet. denied). When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (citing TEX. R. CIV. P. 166a(g)). The movant must show

10

why the continuance is necessary; conclusory allegations are not sufficient. *Carter v. MacFadyen,* 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520–22 (Tex. 1995)); *see* Tex. R. Civ. P. 252. A party seeking more time to oppose a summary judgment motion must describe the evidence sought, explain its materiality, and show the diligence used to obtain the evidence. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). When considering a continuance request, a trial court can presume that a plaintiff has investigated its case prior to filing the petition. *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 234–35 (Tex. App.—Dallas 2000 pet. denied); *White v. Mellon Mortgage Co.,* 995 S.W.2d 795, 803 (Tex. App.—Tyler 1999 no pet.); *McAllister v. Samuels*, 857 S.W.2d 768, 773 (Tex. App.—Houston [14th Dist.] 1993, no writ).

We review a trial court's order denying a motion for continuance under an abuse of discretion standard. *Joe*, 145 S.W.3d at 161. A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* When deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we consider the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.* It is generally not an abuse of discretion to deny a motion for continuance if the party moving for a continuance has received 21 days' notice

11

of the hearing as required by Rule 166a(c). *Carter*, 93 S.W.3d at 310; *see* TEX. R. CIV. P. 166a(c).

### 2. Analysis

In his brief, Nanda fails to identify the evidence sought or explain its materiality. Nanda simply argues that "by depriving [him] of any time for discovery, the trial court committed reversible error." Rule 38.1(i) requires appellate briefs to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "Bare assertions of error without argument or authority waive error." *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.). "We have no duty to perform an independent review of the record and applicable law to determine whether there was error." *Arellano v. Magana*, 315 S.W.3d 576, 577 (Tex. App.—El Paso 2010, no pet.). By failing to adequately brief this issue, Nanda has waived his complaints. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (noting long-standing rule that point may be waived due to inadequate briefing)

Even if we were to consider Nanda's complaint, we note that Nanda's motion for continuance also failed to adequately identify the needed discovery or explain how it would be material to the statute of frauds defense. Instead, Nanda's motion generally asserts that he "would be severely prejudiced without opportunity to present full picture of the facts, communications, and documents to the [trial court,]" and that the requested discovery is "crucial to the prosecution of this case[.]" Nanda's motion further states that he is entitled to discovery concerning Huinker's "course of dealing and intent," and his

12

communications with others "to provide a fair picture of the parties' intent of the agreement." Nanda does not adequately explain how evidence concerning the parties' course of dealing and intent would aid in responding to the statute of frauds issue.[6]

A party cannot simply complain that additional discovery is required and describe in a conclusory fashion the additional discovery he believes is needed; the party must also explain the substance of the requested discovery and how the discovery would aid him in responding to the summary judgment motion. *See Retzlaff v. Mendieta–Morales*, 356 S.W.3d 676, 681 (Tex. App.—El Paso 2011, no pet.) (holding that appellant was not entitled to continuance where appellant failed to identify the needed discovery or its materiality); *Brown v. Brown*, 145 S.W.3d 745, 749 (Tex. App.—Dallas 2004, pet. denied) (affirming denial of request for continuance where appellant failed to explain need for further discovery); *Martinez v. Flores*, 865 S.W.2d 194, 197–98 (Tex. App.—Corpus Christi 1993, writ denied) (determining that request for more time "to complete discovery" was not sufficient). We overrule this sub-issue.

## B.    Evidentiary Ruling

Nanda further argues the trial court abused its discretion in ruling at the hearing on attorney's fees "that questions about the contract were 'irrelevant.'" Following the trial court's summary judgment ruling, the matter was set for a final hearing on attorney's fees. During the hearing, Nanda cross-examined Huinker's counsel concerning the existence

---

[6] We note that Nanda argued the promissory estoppel exception to the statute of frauds in his summary judgment response, while also making reference to the argument in his motion for continuance. *See Nagle v. Nagle*, 633 S.W.2d 796, 799 (Tex. 1982) (noting that promissory estoppel is an exception to the statute of frauds). However, Nanda has not raised a promissory estoppel argument on appeal; therefore, the issue is waived. *See Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("In the review of a civil case, appellate court has no discretion to consider issue not raised in appellant's brief[.]").

of the signed contract. The trial court thereafter sustained Huinker's relevancy objection to the question.

We review the trial court's evidentiary rulings for abuse of discretion. *Rhey v. Redic*, 408 S.W.3d 440, 457 (Tex. App.—El Paso 2013, no pet.). We may only reverse a judgment based on an erroneous evidentiary ruling "if the error was harmful, i.e., it probably resulted in an improper judgment." *Id.*; *see* TEX. R. APP. P. 44.1. **"**Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *See* TEX. R. EVID. 401. "If there is some logical connection either directly or by inference between the evidence and a fact to be proved, the evidence is relevant." *PPC Transp. v. Metcalf*, 254 S.W.3d 636, 642 (Tex. App.—Tyler 2008, no pet.).

As we note above, the fact that Huinker signed the contract was not disputed and was not relevant to the trial court's ruling on summary judgment. Even if the issue of Huinker's signature was disputed and relevant to the trial court's summary judgment ruling, it would have no relevance to the trial court's consideration of Huinker's claim for attorney's fees. Huinker's claim for attorney's fees was brought pursuant to the Declaratory Judgment Act, which requires that any fees awarded be reasonable and necessary, and that fees be equitable and just. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West, Westlaw through Ch. 46 2015 R.S.); *Mandell v. Mandell*, 214 S.W.3d 682, 690 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Therefore, questions concerning

Huinker's signature had no logical connection to the trial court's consideration of attorney's fees.

## C.     Summary

We conclude that Nanda waived his complaint concerning the denial of his motion for continuance, and that the trial court did not abuse its discretion in sustaining Huinker's relevancy objection.   We overrule Nanda's second issue.

## IV.  MOTION FOR NEW TRIAL

By his third issue, Nanda argues the trial court abused its discretion by failing to grant a new trial.   Nanda's argument relies on statements made by Huinker's counsel to the trial court following the entry of summary judgment.   While Nanda's argument primarily restates points one and two, we will address whether he was entitled to a new trial based on newly discovered evidence.

## A.     Standard of Review and Applicable Law

A party seeking a new trial based on newly discovered evidence must show the trial court:   (1) the party did not discover the evidence until after trial; (2) the failure to discover the evidence was not due to lack of diligence; (3) the evidence is not cumulative or merely for impeachment; and (4) the evidence is so material that it would probably produce a different result if a new trial were granted.   *See Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 720–21 (Tex. 2003).   We review a trial court's disposition of a motion for new trial for abuse of discretion.   *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009).

15

**B.    Analysis**

Nanda's motion for new trial relies on a statement made by Huinker's counsel at the hearing on attorney fees that Huinker signed the TREC form but decided not to deliver it to Nanda.   Nanda describes this "judicial admission" as "new evidence" warranting a new trial.   However, as discussed above, evidence that Huinker signed the contract was already before the trial court by way of Huinker's summary judgment affidavit in which he acknowledges he signed, but did not deliver, the TREC form.   Therefore, the evidence is cumulative of other evidence.   Furthermore, the evidence would not have produced a different result if a new trial were granted.   The trial court considered evidence that the contract was signed, but ruled that this fact was "irrelevant" to its ruling.   We conclude Nanda was not entitled to a new trial on the basis of newly discovered evidence.

Finally, we note that the remainder of Nanda's argument under this issue simply restates his contentions under issues one and two—the admission of a signed contract precludes summary judgment, and he was denied an opportunity for adequate discovery. Having already resolved those issues against Nanda, we overrule his third issue.

**V.  CONCLUSION**

The judgment of the trial court is affirmed.


                                                     GREGORY T. PERKES
                                                     Justice

Delivered and filed the
24th day of September, 2015.


16